Burks, J.,
delivered the opinion of the court.
Smith made a motion in the county court of Rockbridge *289 to quash an execution of fieri facias issued against him and others in the name and on behalf of Campbell, on the ground that the judgment on which the execution was issued had been satisfied by him (Smith). The court overruled the motion, but ordered a credit of $420.91 to be endorsed on the execution. To the judgment of the circuit court of Rockbridge affirming the judgment of the county court a writ of error, on the petition of Campbell, was awarded him by one of the judges of this court.
Smith now makes his motion here to dismiss the writ of error, on the ground that the matter in controversy is less in amount than five hundred dollars, and that therefore this court, under the provisions of the constitution of the state, has no jurisdiction to review the judgment complained of. See constitution of Virginia, art. 6, §2, and statute, Code of 1873, ch. 178, §§ 1, 2, 3.
At the date of the judgment of the county court, the amount of the execution, exclusive of costs, was a little more than $500, while the credit ordered to be endorsed, as has been seen, was less. Is it the amount of the execution, or of the credit, which determines the “ value or amount” of “the matter in controversy,” within the meaning of the constitution ?
There are several recent decisions of this court bearing upon this question. Umbarger & wife & others v. Watts & others, 25 Gratt, 167; Eacho v. Cosby, 26 Gratt. 112; Gage v. Crockett, 27 Gratt. 735.
In the last named case, the judgment in the court below was in behalf of the plaintiff, and the defendant, against whom the judgment was rendered as garnishee, was the plaintiff in error here. The amount of the judgment, exclusive of costs, at its date, was a little less than $500, but at the date of the writ of error awarded by this court it was somewhat more than $500. The writ of error was dismissed for want of jurisdiction, the amount of the judgment at its date, and not the amount at (he date of the *290 wl^’ being regarded as determining the amount of the matter in controversy as to the defendant. .
Judge Staples, in the opinion of the court delivered by him, after adverting to the rule established by the supreme court of the United States in the construction of the judiciary act of 1789, regulating the appellate jurisdiction of that court, in which act language is employed similar to that used in the constitution of this state, proceeds to say, “ that this court has uniformly adopted substantially the same rule. It also looks to the amount actually in dispute between the parties. If the plaintiff claims in his declaration or bill money or property of greater value than five hundred dollars, he is entitled to his appeal or writ of error, although the judgment may be for less. On the other hand, the defendant in the very same case is denied an appeal, for the reasons already given, and that is, the plaintiff being satisfied, the only matter of controversy is the judgment, which, being for less than five hundred dollars, there is no ground for the jurisdiction of this court.
There are cases which would not admit of a strict application of the rule as stated, as a test of jurisdiction. Such was the case of Stuart v. The Valley Railroad Company, decided by this court during the present term. There the claim of the plaintiff was for several quotas of stock subscribed amounting to $300 only, for which judgment was rendered against the defendant. Yet the defendant was allowed his writ of error, because the validity of his entire subscription ($500) was drawn in question in that suit. So it would be, we apprehend, if suit were brought and judgment rendered against the defendant on interest-coupons less in amount than $500, and the validity of the bonds from which the coupons were taken was drawn in question. Other cases, perhaps, might be suggested in which the real matter in controversy as to the defendant would not be ascertained alone by the judgment *291 rendered against- him. But this is not one of these cases. This is a case in which the general rule before stated applies.
Smith was the plaintiff in the court below. Campbell (plaintiff in error here) was defendant there. Smith claimed that the judgment on which the execution was issued had been wholly satisfied. The amount of his claim was measured by the amount of that judgment. The court allowed a part only of his claim, to-wit: the sum of $420.91, and gave judgment for it by ordering it to be credited on the execution, and disallowed the residue. The plaintiff Smith does not complain of that judgment. He is satisfied with it, although he did not get all he claimed. It is the defendant who complains and to whom the writ of error has been allowed. His complaint is, that the judgment on behalf of the plaintiff for the credit of $420.91 is erroneous. That judgment is “the matter in controversy” as to him, within the meaning of the constitution, and as it is less in amount than five hundred dollars, the writ of error must be dismissed as improvidently awarded.
The judgment wras as follow's:
This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid, the motion of the defendant in error to dismiss the writ of error aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the matter in controversy in this case is less in amount than five hundred dollars, and that this court, therefore, under the constitution and laws of this commonwealth, is without jurisdiction to review said judgment. Therefore, it is considered and ordered that the said writ of error be dismissed, and that the defendant in error recover against *292 the plaintiff in error his costs by him expended in the defence of the said writ error here.
Which is ordered to be certified to the said circuit court of Rockbridge county.
Writ op error dismissed.