## Richmond.

### BATCHELDER & COLLINS v. RICHARDSON, &c.

#### Absent, *Moncure*, P.

Where on a money demand, the difference between the amount decreed to
the appellant in the court below, and the amount of the claim asserted
by him in that court, is not sufficient to give this court jurisdiction, his
appeal will be dismissed. And if the actual amount in dispute does not
otherwise appear, the court will look to the whole record for the pur-
pose of determining the jurisdiction.

This is an appeal by B. M. Batchelder and William H.
Collins, merchants and partners trading under the firm
name and style of Batchelder & Collins, from a decree of
the corporation court of the city of Norfolk, made on the
24th day of September, 1878, in a cause depending in said
court, in which said Batchelder & Collins were plaintiffs,
and Francis Richardson and Henry C. Percy, trustee in a
certain deed of trust executed by John W. Murden, convey-
ing real estate in the county of Norfolk to secure the pay-
ment of certain negotiable notes, executed by said Murden,
were defendants.

The case is sufficiently stated by Judge *Staples* in his
opinion.

*Spalding* and *Holliday & Gayle*, for the appellants.

*Richard H. Baker & Son*, for the appellee Richardson.

STAPLES, J., delivered the opinion of the court.

The appellants were the holders of two negotiable notes, amounting to $520.16, and the appellee was the holder of three negotiable notes amounting to $428. These notes were executed by John W. Murden, and were secured by a deed of trust upon a house and lot in Norfolk county. A sale of the property was made by the trustee, the net proceeds of which amounted to $556.20. The fund not being sufficient for the payment of all the notes, and a controversy having arisen between the parties with respect to its distribution, the appellants filed their bill in the corporation court of Norfolk, claiming priority of payment, upon certain grounds set forth by them, but not necessary to be stated here.

The appellee did not deny the right of the appellants to participate in the fund. But he insisted upon a *pro rata* application to the notes in question. The corporation court so decided, and at its December term of 1878 entered a decree allowing the appellants the sum of $286.72, and to the appellees the sum of $228—these two sums being the aggregate of the net proceeds of the sale. From this statement it will be perceived that the only matter in controversy here, and in the court below, is the sum of $228 allowed the appellee by the decree of the court. The appellant's right to the $286.70 has not been drawn in question. The first matter, therefore, for our consideration, is with respect to the jurisdiction of this court to hear the case.

In a number of cases this court, following the decision of the supreme court of the United States, has held that where the plaintiff in his bill or declaration claims money or property of greater amount or value than $500, but by the ruling of the court obtains a decree or judgment for less, he is entitled to his appeal or writ of error, because as to him the matter in controversy is the sum or amount claimed, and he may, upon a reversal or a new trial, obtain

a decree or judgment for the whole amount so claimed. *Gage* v. *Crockett*, 27 Gratt. 735; *Harman* v. *City of Lynchburg*, 33 Gratt. 37; *Campbell* v. *Smith*, 32 Gratt. 288.

Upon examining these cases, it will be found they do not lay down the rule as universal, but as subject to exceptions and modifications, which must be applied from time to time as new cases arise.

This has been the course pursued by the supreme court of the United States in dealing with similar questions. Thus it was early laid down by that court that its jurisdiction attached where the appeal or writ of error is applied for by the plaintiff, if the damages laid in the declaration exceed the sum of $2,000, although the recovery might be for a less sum. *Cooke* v. *Woodruff*, 5 Cranch, 13; *Wise* v. *Columbian Turnpike Company*, 7 Cranch, 276; *Gordon* v. *Ogden*, 3 Peters, 33; *Smith* v. *Honey*, Ibid, 469; *Walker* v. *United States*, 4 Wallace, 164.

It was, however, afterwards held, that in determining the question of jurisdiction, the debt claimed and the amount stated in the declaration must be looked to, and not merely the damages claimed in the prayer for judgment at its conclusion. *Lee et al.* v. *Watson*, 1 Wallace, 337. See also *Schacker* v. *Hartford Fire Insurance Company*, 3 Otto (93 U. S. R.), 241. And in *Gray* v. *Blanchard*, 7 Otto (97 U. S. R.), 564, the court, still further modifying the application of the rule, said, "If the actual amount in dispute did not otherwise appear they would look to the whole record for the purpose of determining the jurisdiction. Ordinarily this would be found in the pleadings. But the court would not necessarily confine itself to them. If, taking the whole record together, it appear there is no jurisdiction, the case must be dismissed. And in *Tinstman* v. *National Bank*, 10 Otto (100 U. S. R.), 6, Chief Justice Waite said, "We find, on looking into the record, that the case was heard on an agreed statement of facts, in the nature of a special verdict, in

which it appeared that the plaintiff claimed of the defendant $8,233.79. The defendant admitted that he owed of this amount $5,099.59, for which the plaintiff was entitled to a judgment. The only controversy was as to the liability of the appellant for the difference between what he admitted to be due and what the plaintiff claimed. This, then, is the amount actually in dispute. And, as it is less than $5,000, we have no jurisdiction."

These authorities seem to be decisive of the present case; for, as already stated, the only matter in dispute was the sum of $286, although the plaintiff claimed the entire fund in his bill. That this modification of the rule is correct, cannot be for a moment questioned. For otherwise, if the plaintiff claimed a debt of $500 in his bill or declaration, and received $495 with the consent of the defendant, the plaintiff may bring his case here to reverse a judgment involving the sum of $5. Such a case is not likely to occur, but it seems to illustrate the point involved. We are, therefore, of opinion the appeal must be dismissed as improvidently allowed.

DECREE REVERSED.