# BACHELDER & COLLINS

*v.*

## RICHARDSON, &c.

(*Supreme Court of Appeals of Virginia, April, 1882.*)

[Virginia Law Journal, 1882, p. 216.]

**Jurisdiction of Appellate Court—Amount in Controversy—Case at Bar.**

Appellants held notes, secured by a trust deed, amounting to $520.16, and appellee held notes, secured by same deed, amounting to $428. Upon a sale of the trust property, the proceeds amounted to $556. The appellants claimed priority of payment; and on a bill being filed for a distribution of the fund, the court below divided it *pro rata*, giving appellants $286.72 and appellees $228, which, together, made up the amount to be distributed after deducting costs. From this decree appellants appealed.

> *Held,* as appellee made no objection to appellants sharing in a *pro rata* distribution of the fund, really the "amount in controversy" was only the $228 paid to appellee, and this being "less than $500, exclusive of costs," the appellate court had no jurisdiction.

**Same—Same—Same.**

Whilst, as a rule, where the plaintiff, in his declaration or bill, claims money or property of greater amount or value than "$500, exclusive of costs," but obtains a judgment or decree for a less amount, he is entitled to a writ of error or an appeal; yet, to this rule, there are exceptions, and where, on an examination of the pleadings or record, the appellate court sees, as in this case, that the real "amount in controversy" is less than "$500, exclusive of costs," it will dismiss the appeal or writ of error.

This was an appeal from a decree pronounced by the corporation court of the city of Norfolk, in a suit in chancery, in which B. M. Bachelder and Wm. H. Collins, merchants

and partners, trading under the style of Bachelder & Collins, were plaintiffs and Francis Richardson and Henry C. Percy, trustee, were defendants. The corporation court decided against the plaintiffs, and they appealed to this court. The facts on which the point decided is based are sufficiently stated in the opinion of the court.

*Edward Spalding* and *Holliday & Gayle,* for appellants.

*Baker & Walke,* for appellee.

STAPLES, J., delivered the opinion of the court.

The appellants were the holders of two negotiable notes, amounting to $520.16, and the appellee was the holder of three negotiable notes, amounting to $428. These notes were executed by John W. Munden, and were secured by a deed of trust upon a house and lot in Norfolk county. A sale of the property was made by the trustee; the net proceeds of which amounted to $556.20. The fund not being sufficient for the payment of all the notes, and a controversy having risen between the parties, with respect to its distribution, the appellants filed their bill in the corporation court of Norfolk, claiming priority of payment upon certain grounds set forth by them, but not necessary to be stated here. The appellee did not deny the right of the appellants to participate in the fund. But he insisted upon a *pro rata* application to the notes in question. The corporation court so decided, and at its December term of 1878, entered a decree, allowing the appellants the sum of $286.72, and to the appellees the sum of $228; the two sums being the aggregate of the net proceeds of the sale. From this statement, it will be perceived that the only matter in controversy here, and in the court below, is the sum of $228 allowed the appellee by the decree of the court. The appellants' right to the $286.70 has not been drawn in question. The first

matter, therefore, for our consideration is with respect to the jurisdiction of this court to hear the case.

In a number of cases this court, following the decision of the supreme court of the United States, has held that where the plaintiff, in his bill or declaration, claims money or property of greater amount or value than $500, but by the ruling of the court obtains a decree or judgment for less, he is entitled to his appeal or writ of error; because, as to him, the matter in controversy is the sum or amount claimed, and he may, upon a reversal or a new trial, obtain a decree or judgment for the whole amount so claimed. Gage v. Crockett, 27 Gratt. 735 ; Harman v. City of Lynchburg, 33 Gratt. 37 ; Campbell v. Smith, 32 Gratt. 288.

Upon examining these cases, it will be found they do not lay down the rule as universal, but as subject to exceptions and modifications, which must be applied from time to time as new cases arise.

This has been the course pursued by the supreme court of the United States in dealing with similar questions. Thus it was early laid down by that court, that its jurisdiction attached where the appeal or writ of error is applied for by the plaintiff if the damages laid in the declaration exceed the sum of $2,000, although the recovery might be for a less sum. Clark v. Woodruff, 5 Cranch 13 ; Wise v. Columbia Turnpike Company, 7 Cranch ; Gorden v. Ogden, 3 Peters 33 ; Smith v. Henry, Ibid. 469 ; Wallace v. United States, 4 Wallace 164.

It was, however, afterwards held that in determining the question of jurisdiction, the debt claimed and the amount stated in the declaration must be looked to and not merely the damage claimed in the prayer for judgment at its conclusion. Lee v. Watson, 1st Wallace 564. See also Schader v. Hartford, 3 Otto 241. And in Gray v. Blanchall, 7 Otto 564, the court still

further modifying the application of the rule, said : If the actual amount in dispute did not otherwise appear, they would look to the whole record, for the purpose of determining the jurisdiction.   Ordinarily, this would be found in the pleadings.   But the court would not necessarily confine itself to them.   If, taking the whole record together, it. appears there is no jurisdiction, the case must be dismissed. And in Tinstman v. National Bank, 10 Otto, page 6, Chief Justice Waite said : "We find, on looking into the record, that the case was heard on an agreed statement of facts, in the nature of a special verdict, in which it appeared that the plaintiff claimed of the defendant $8,233.79.   The defendant admitted that he owed of this amount $5,099.59, for which the plaintiff was entitled to a judgment.   The only controversy was as to the liability of the appellant for the difference between what he admitted to be due and what the plaintiff claimed.   This, then, is the amount actually in dispute, and as it is less than $2,000, we have no jurisdiction."

These authorities seem to be decisive of the present case, for, as already stated, the only matter in dispute was the sum of $286, although the plaintiff claimed the entire fund in his bill.   That this modification of the rule is correct, cannot be for a moment questioned.   For otherwise, if the plaintiff claimed a debt of $500 in his bill or declaration and received $495, with the consent of the defendant, the plaintiff may bring his case here to reverse a judgment, involving the sum of $5:00.   Such a case is not likely to occur, but it seems to illustrate the point involved.   We are, therefore, of opinion the appeal must be dismissed as improvidently allowed.

Appeal dismissed.