# Richmond.

McINTOSH, TREASURER, V. BRADEN & ALS.

(*Fourteen cases.*)

DUNNINGTON, TREASURER, V. HURT & ALS.

(*Five cases.*)

THE COMMONWEALTH V. CONSANI & ALS.

(*Three cases.*)

FEBRUARY 5th, 1885.

1. A P P E L L A T E COURT—*Jurisdiction—Unconstitutional.*—Act of March 12th, 1884, is unconstitutional so far as it confers upon this court jurisdiction in all cases of coupons arising under act of January, 14th, 1882, without regard to the amount in controversy, being in conflict with Article VI of State Constitution fixing minimum jurisdictional amount in cases purely pecuniary at $500.

Appeals of right from fourteen judgments of the circuit court of Loudoun county, rendered October 28th, 1884, affirming the judgments of the county court of said county, rendered May 12th, 1884, upon the several petitions of Florence Braden's trustee, John W. Wenner, Benjamin J. Grubb, William H. Brown, Summerfield.Bolyn, Enoch Fenton, James M. Walker, John W. Garrett, Thomas R. Smith, Jeannette Raphael's trustee, Joshua Hatcher, Edward Nichols, The Mutual Fire Insurance Company of Loudoun county, and Samuel N. Brown, citizens and tax-payers of said county, respectively, filed under act of January 14th, 1882, to verify and identify certain past-due tax-receivable coupons cut from the bonds issued by the State under act of March 30th, 1871, which had been ten-

dered by the said petitioners to the appellant, James L. McIntosh, as treasurer of said county, in payment of their several taxes, and for the recovery of amounts thereof which the petitioners had paid, under protest, to the treasurer after his refusal to receive the coupons.

Also appeals of right from five judgments of the corporation court of Lynchburg, rendered September 11th, 1884, upon similar petitions of S. C. Hurt, Lynchburg Gaslight Company, Winfree, Lloyd, and Ford Brothers & Company, citizens and tax-payers of said city, filed under the same act and for like purposes.

Also appeals of right from three judgments of the hustings court of the city of Richmond, rendered upon similar petitions of L. Consani, Alexander Duval, trustee for A. A. Exall, and John Tyler, trustee for M. V. Tyler, citizens and tax-payers of Richmond, filed under the same act and for like purposes. The sum in controversy in each case was less than $500, exclusive of costs. The facts and the judgments in each case were the same; the names of the parties and the sums and dates being different. The judgments being all against the several treasurers, appeals of right were taken to this court under the act approved March 12th, 1884, which, in all coupon cases arising under the said act of January 14, 1882, confers on this court jurisdiction, without regard to the amount in controversy. The respective batches of cases were heard together. The Loudoun batch having been heard first, and Lacy, J., having delivered the opinion of the court therein, at the subsequent hearing he merely referred to that opinion as appropriate to the second, and Hinton, J., did the same as to the third batch of cases.

*Attorney-General F. S. Blair* and *W. R. Meredith,* for the plaintiffs in error.

*Edward Nichols,* for the Loudoun defendants in error.

*Richard L. Maury* and *Sands & Bryan*, for the other defendants in error.

Lacy J., delivered the opinion of the court.

These cases are brought to this court on appeal from the circuit court of the county of Loudoun, under the act of the general assembly approved March 12th, 1884, entitled an act to give an appeal as of right to the Commonwealth in all cases where suits are instituted under the act of January 14th, 1882, entitled an act to prevent frauds against the Commonwealth, and the holders of her securities in the collection and disbursement of her revenues.

The controversy in these cases involves in each case less than $500, and the first question to be decided in this court is upon the motion to dismiss the appeal in each case for want of jurisdiction in this court.

The constitution of Virginia provides that the jurisdiction of the courts of the Commonwealth, and the judges thereof, except so far as the same is conferred by the constitution, shall be regulated by law. Jurisdiction is conferred upon this court by the act of March 12th, 1884, in all cases under the act of January 14th, 1882, without regard to the amount involved in the controversy; and this is within the power of the legislature, unless the power of the legislature upon this subject is restricted by the constitution of the State.

The second section of Article VI. of the constitution, however, provides that this court shall not have jurisdiction in civil cases when the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in certain enumerated cases, wherein these cases are not included.

This section imposes a restriction upon the legislature in this respect, and it is not, therefore, within the power of the legislature to so regulate the jurisdiction of this court; and so much of the said act as confers this jurisdiction on this court is

in violation of this section of the constitution, and is therefore void.

It is, however, contended that, as the Commonwealth is not expressly mentioned in the section of the constitution just cited, the State is not bound thereby upon well-settled principles. But the constitution in this respect limits the power of this court, and this court cannot undertake to review the circuit court's decision in these cases without violating the constitution in a provision expressly denying to this court jurisdiction in the premises.

The legislature is restricted from granting this court such jurisdiction, and the act, therefore, confers no jurisdiction upon the court, and the constitution not only does not give, but expressly denies such jurisdiction.

It follows that this court has no lawful authority to review the cases, and the appeals must be dismissed for want of jurisdiction. See the case of *Barnett* v. *Meredith,* 10 Gratt. 650, where, in the opinion of Judge Allen, this question is carefully considered, and this provision is held to impose a restriction on the power of the legislature. See also the case of *The Commonwealth* v. *Moore,* 1 Gratt. 300, opinion of Judge Baldwin, saying: "The court is of opinion that the general rule of law, which exempts the Commonwealth from the operation of the statutes of limitation, is applicable to original controversies, and not to cases in which the rights of the parties have been adjudicated by the judgment, decree, or sentence of a court of competent jurisdiction. In such cases the question, whether the merits of the judicial decision can be reviewed by another tribunal must be governed by the laws prescribing and regulating the jurisdiction of the appellate forum." And it was held to be the duty of the court to withhold a consideration of the merits of the cause, though no objection was taken by plea or otherwise, and even though the point should be expressly waived by consent of the parties.

We think it is safe to follow the lead of these two cases de-

cided in this court on this subject, and holding ourselves bound by the express mandate of the constitution, notwithstanding the express jurisdiction conferred upon this court by statute. But it is earnestly contended here, that the question here is not the amount involved, but the genuineness of the coupons. This is completely answered by the counsel for the tax-payer, that on a suit upon a bond, for a sum of money less than five hundred dollars, jurisdiction could not be conferred upon this court by the plea of *non est factum;* the amount in controversy would remain the same as it does here, and the amount involved is the amount of the coupons tendered and refused.

We are of opinion to dismiss the cases for want of jurisdiction.

Hinton, J., concurred.

Lewis, P., concurred in the results, but said:

I concur in the results of the opinion of the court, though not entirely in the reasons upon which it is founded. My own views, therefore, will be briefly stated.

It is a familiar principle of the common law that the king is not bound by any act of parliament, which would divest or abridge his rights or remedies, unless he be named therein by special or particular words. Hence, he is not bound by statutes of limitation, bankruptcy, set-off, and the like. And the same principle applies to the government of the United States and the Commonwealth. Where, however, a statute gives a new estate or right, the king and in like manner the Commonwealth, is as much bound by the act, as to the manner of enjoying such estate or right, as the subject or citizen. This is a well settled rule of construction, and is no less applicable to a written constitution than to an ordinary act of the legislature. *United States* v. *Herron*, 20 Wall. 251; *Commonwealth* v. *Ford*, 29 Gratt. 683.

The constitution provides that this court shall not have jurisdiction in civil cases where the matter in controversy, exclusive of costs, is less in value or amount than $500, except in certain specific cases which need not here be mentioned. And the question is, whether this general language embraces the Commonwealth; or, in other words, whether it forbids the legislature from conferring jurisdiction on this court in ordinary civil cases, involving less than $500, in which the Commonwealth is a party or interested. I concur in the opinion that it does. The right of appeal is not conferred by the common law. It is derived from the written law, and must therefore be exercised subject to the limitations prescribed. Upon this principle it was held in the case of the *Commonwealth* v. *Moore*, 1 Grattan, 300, that the Commonwealth was bound by a statute, though not particularly named therein, which limited the right of appeal to five years from the date of the judgment or decree complained of. This was decided in 1844; and with this interpretation of the law the framers of the several constitutions which have since been adopted by the people of Virginia were presumably familiar, and they have not seen fit to alter it. We must, therefore, construe the constitutional provision relating to appeals in the light of that decision. And this being so, and inasmuch as the legislature in regulating the jurisdiction of the courts must act within the scope of its powers as restricted by the constitution, it follows that the case must be dismissed for want of jurisdiction.

Fauntleroy, J., and Richardson, J., dissented.

Appeals dismissed.