# Staunton.

DUFFY & BOLTON V. FIGGAT.

SEPTEMBER 17TH, 1885.

LEWIS, P., Absent.

1. APPEALS—*Jurisdiction— Plaintiff appellant— Defendant appellant.*—If plaintiff's claim exceed $500, and he apply for appeal, this court hath jurisdiction, though the judgment or decree be for less. But if the judgment or decree be for less than $500, principal and interest, at the date of the decree, and the defendant apply for appeal, this court hath not jurisdiction.

2. IDEM—*Special commissioners—Defalcation.*—Where purchasers at judicial sale are compelled to pay a second time a part of purchase money, by means of the special commissioner's failure to give required bond, and his default in paying over money collected of them, the jurisdiction of this court to hear their appeal, depends on the amount of the defalcation, and not on the amount of his official bond.

Appeal from decree of circuit court of Botetourt county, rendered July 1st, 1884, in the chancery cause of Hammond *against* Hines, dismissing on demurrer a petition filed by Duffy and Bolton, parties to said cause, and purchasers of land sold under a decree therein, by Houston and Figgat, special commissioners, to rehear and reverse a decree in said cause, rendered May 31st, 1883, and deciding that the joint official bond, in penalty of $4000, on its face apparently complete, and executed April 18th, 1874, by said special commissioners, and by them, or one of them, placed among the papers in the cause, was not binding on the obligors therein, on the ground that it

had been there placed with the understanding that it was not to be deemed completed until said Houston procured it to be executed by some approved surety.

Opinion states the remaining facts.

*Haden & Haden*, for the appellants.

*J. H. H. Figgat*, for the appellee.

LACY, J., delivered the opinion of the court.

This is an appeal from the decree rendered in this case on the 31st of May, 1883, and at the June term, 1884. The case is as follows, so far as it is necessary to state the facts:

In the suit in the circuit court of Botetourt of Hammond *against* Hines, instituted in April, 1869, brought by the plaintiffs, Hammond and others, to subject the lands of Robert Hines, deceased, to the payment of the debts of the said Hines, deceased, due to the said Hammond and others, a decree was entered in the cause directing the sale of the said lands, and the appellee Figgat and T. D. Houston were appointed commissioners to execute the decree, and required to execute bond in the penalty of $100, and again, to collect the purchase money, to execute a bond with security, in the penalty of $4000. These bonds were executed without security, and the money collected in part by one commissioner and in part by the other. The money collected by Figgat was accounted for by him; and the money collected by Houston was accounted for in part by Houston, but as to $248.28 of the money collected of the appellant Duffy, the said Houston defaulted; and as to $87 of the money collected of Bolton, Houston defaulted in like manner, and left the State. The court decreed against the said Duffy and the said Bolton respectively for these sums, and required them to pay a second time the said sums, which decree was accordingly enforced.

From this ruling and action of the circuit court, the said Duffy and Bolton have appealed to this court.

They insist, that as the bond of the said commissioners was a joint bond, it was the bond of both, and that Figgat should be made to answer for the acts of his co-commissioner, Houston. But Figgat contending that this bond was never delivered to the clerk, except upon condition that it should be held by the clerk until Houston should furnish securities, in accordance with the decree of the circuit court, and that as that was never done, it was never a completed bond; and the circuit court so holding, decreed against the purchasers for the default of Houston, and not against Figgat, as security for Houston.

The appellee insists, first, in this court, that as the amount of the defalcation of the said Houston, was less than $500, and the amount decreed against the appellants was under $500, their grievance, whatever it be, is not within the jurisdiction of this court, and that the appeal must be for that cause dismissed; and this is the first question to be considered by this court.

The jurisdiction of this court is limited to an amount not less than $500. The amount actually in dispute is the criterion of jurisdiction; the plaintiff's claim determines the jurisdiction on his side; and the amount adjudged or decreed to be paid by the defendants ascertains it on his. In calculating the amount involved in the decree appealed from, all costs are excluded, and interest is not estimated beyond the date of the decree. The matter in controversy must not only be of the value of $500, but the controversy in relation to matter of that value must be continued by the appeal. And it has been held in this court, that although the action was for more than the requisite amount, but the verdict was for less, the court would not take jurisdiction upon the appeal of the defendant. *Lewis* v. *Long*, 3 Munf. 136; *Gage* v. *Crockett*, 27 Gratt. 735; *Harman* v. *The City of Lynchburg*, 33 Gratt. 37; Barton's Ch. Practice, 1110; *Bachelder & Collins* v. *Richardson*, 75 Va. 835; *Campbell* v. *Smith*,

32 Gratt.; *Buckner* v. *Metz*, 77 Va. 107; *Umbarger* v. *Watts*, 33 Gratt. 167.

The matter in controversy is that which is the essence and substance of the judgment, and by which the party may discharge himself. The matter in controversy is that for which the suit is brought, and not that which may or may not come in question.

These authorities seem to be conclusive of the present case, for, as already stated, the only matter in dispute is the amount for which Houston defaulted, and which has been decreed against the appellants.

The amount claimed against Duffy is, principal and interest, at the date of the decree, $270.02, and the amount claimed against Bolton, is $142; and the decree against these appellants for these sums, is the ground of their appeal; and by the payment of these sums, which are less than $500, the appellee could discharge himself of their entire claim against him. And the amount in controversy thus appears to be below the jurisdictional sum necessary to give jurisdiction to this court.

The appeal must therefore be dismissed for want of jurisdiction.

APPEAL DISMISSED.