## Staunton.

McCARTY & HURLBURT v. HAMAKER AND ALS.

OCTOBER 7th, 1886.

1. APPELLATE COURT—*Jurisdiction—Joinder of claims.*—Where appellant's debt, as claimed in his bill and as allowed by the master and confirmed by the court, is less than the minimum of appellate jurisdiction, that debt cannot be supplemented so as to give this court jurisdiction, by appellant's taking an assignment of another debt; unless the assignment was recognized by the master in his report, and by the court in its decree confirming the same.

2. IDEM—*Cases distinguished.*—In *Fink, Brother & Co.* v. *Denny,* 75 Va. 663, appellant's claim was supplemented by their taking, during the progress of the cause, an assignment of another claim, which was audited and reported as the property of the assignees by the master, and the report confirmed by the court, so as to give jurisdiction to this court upon appeal. But in case at bar, the assigned claim was not audited and reported as the appellant's property, and so recognized by the decree complained of.

Appeal from decree of circuit court of Augusta county, rendered June 25, 1886, in the creditors' suit wherein McCarty & Hurlburt and others, creditors of D. B. Hamaker, were complainants, and D. B. Hamaker, Amilda B. Hamaker, and A. C. Gordon, trustee, were defendants. The aggregate amount of the claims asserted by the complainants was $3,904.50. The claim of McCarty and Hurlburt was for $433.46. J. W. Tuft's claim was for $87.53, which was assigned by endorsement on the abstract of the judgment to McCarty & Hurlburt. The master audited and allowed each claim separately to the owners thereof, but took no notice of the assignment in his report,

which was confirmed by the court, without recognition of the latter claim as the property of McCarty & Hurlburt as assignees thereof. The object of the suit was to annul, as fraudulent, a trust deed made by D. B. Hamaker to A. C. Gordon, trustee, of his entire stock of goods, consisting of jewelry, watches, &c., in Staunton, to be sold, and out of the proceeds to pay, 1st, $1,728 to himself on account of his homestead exemption; 2d, a debt of $4,265 to his wife, Amilda B. Hamaker; and, 3d and 4th, on the claims of his other creditors, and to enjoin the sale under the trust deed until further order. On reference, the master reported in favor of the validity of the claim to the homestead exemption, and of the debt to the wife, and ascertained the amounts of the debts due to the several other creditors; and the court below confirmed the report, and dissolved the injunction. From this decree McCarty & Hurlburt appealed to this court, where they were met with a motion to dismiss, on the ground that their claim was below the jurisdictional limit.

*A. F. Robertson* and *R. P. Ball,* for appellants.

*G. M. Cochran* and *White & Gordon,* for the appellees.

Hinton, J., delivered the opinion of the court.

This is a motion to dismiss the appeal for want of jurisdiction.

The debt of the appellants, plaintiffs below, as claimed in the bill, reported by the master, and confirmed by the court in the decree appealed from, is $433.46, with certain interests and costs—in the aggregate less than $500.00. But by virtue of an endorsement on one of the exhibits in the cause, dated May 26, 1886, which purports to be an assignment to the appellants by one Tufts of a judgment in his favor for $87.53, with costs,

&c., it is now claimed that the debt of the appellants has been enlarged beyond the sum of $500.00, and that therefore they are entitled to invoke the jurisdiction of this court. We think, however, that such is not the case.

It is true that the jurisdiction of this court, in matters merely pecuniary, extends to all cases where the matter in controversy amounts to as much as $500 or more; but by "the matter in controversy" we mean, so far as the appellants are concerned, the matter which was in dispute between the plaintiff and respondent in the lower court, or, to adopt the words of Mr. Justice Field: "By matter in dispute" is meant the subject of litigation—the matter for which the suit is brought— and upon which issue is joined, and in relation to which jurors are called and witnesses examined." *Lee* v. *Watson*, 1 Wall. 339. In the present case, the matter upon which the issue between these litigants was joined is less than the jurisdictional limit.

Again, this court has no original, but only appellate jurisdiction in matters merely pecuniary. As, therefore, the Tuft judgment has never been audited as a claim of the appellants, but on the contrary, has been audited as the property of Tuft, this court cannot take cognizance of it, and it constitutes no part of their claim upon this appeal. It is supposed, however, that this case is ruled by the case of *Fink, Brothers & Co.* v. *Denny*, 75 Va. R., 663. But an examination of that case shows that the master, in his report, recognized the assignment, and that the decree appealed from recognized the same. This makes all the difference; for in that case the assigned claim had been judicially determined to be the property of the appellant before the appeal of the court was taken.

It is unnecessary to pursue the subject further; the appeal was improvidently awarded, and must be dismissed.

APPEAL DISMISSED.