| 85 | 34 |
| 88 | 752 |
| 85 | 34 |
| 90 | 150 |
| 85 | 34 |
| 94 | 742 |
| 85 | 34 |
| 98 | 478 |
| 85 | 34 |
| 99 | 593 |
| 85 | 34 |
| e102 | 88 |

## Richmond.

### HAWKINS V. GRESHAM.

May 10th, 1888.

Absent, *Richardson*, J.

1. APPELLATE JURISDICTION—*Minimum—How determined.*—Jurisdiction as
   to appeals in matters merely pecuniary, being constitutionally limited
   to $500, the amount is determined by amount of plaintiffs' claim, or by
   amount to be paid by defendant to discharge himself, as the one or the
   other may be the appellant.

2. IDEM—*Fraudulent deeds—Jurisdictional test.*—In suits to set aside fraudu-
   lent deeds and subject the property therein to satisfy a debt, it is the
   amount of the debt, and not the value of the property, which deter-
   mines the appellate jurisdiction.

Appeal from decree of circuit court of Danville, entered Sep-
tember 19th, 1887, in the chancery cause wherein John H.
Gresham was complainant and C. E. Hawkins, Edwin Hill,
trustee, and Lucy A. Hawkins were defendants. The bill in
this cause was filed by the appellee, on behalf of himself and
all other creditors who should come in and contribute to pay the
costs, in order to set aside certain deeds, executed by the appel-
lant, as actually fraudulent. The claim of the plaintiff was,
principal and interest, exclusive of costs, $207.30; and an ac-
count of all liens being taken and reported, they jointly aggre-
gated a total of $297.96, principal and interest, exclusive of costs.
There was a decree for the plaintiff, and for the renting out of
the lands of the defendant by a receiver to pay said debts;
whereupon the defendant appealed to this court.

*P. A. L. Smith*, and *Rosewell Page*, for the appellant.

*Peatross & Harris*, for the appellee.

LACY, J. (after stating the case as aforesaid), delivered the opinion of the court.

There is a motion here to dismiss the appeal for want of jurisdiction; the amount of the decree against the defendant being purely pecuniary, and falling below the jurisdictional sum of $500. And this is the first question to be here determined. As has been often said, we will say again, the jurisdiction of this court is limited by the constitution to an amount not less than $500. The amount actually in dispute is the criterion of jurisdiction. The plaintiff's claim determines the jurisdiction on his side, and the amounts adjudged or decreed to be paid by the defendant ascertains it on his. In calculating the amount involved in the decree appealed from, all costs are excluded, and interest is not estimated beyond the date of the decree. The matter in controversy must not only be of the value of $500, but the controversy in relation to matter of that value must be continued by the appeal; and it has been held in this court that, although the action was for more than the jurisdictional amount, when the verdict was for less the court would not take jurisdiction upon the appeal of the defendant. *Lewis* v. *Long*, 3 Munf. 136; *Gage* v. *Crockett*, 27 Gratt. 735; *Harman* v. *City of Lynchburg*, 33 Gratt. 37; *Batchelder* v. *Richardson*, 75 Va. 835; *Campbell* v. *Smith*, 32 Gratt. 288; *Umbarger* v. *Watts*, 25 Gratt. 167; Bart. Ch. Pr. 1110; *Fink* v *Denny*, 75 Va. 663; *Smith* v. *Rosenheim*, 79 Va. 540; *Duffy* v. *Figgatt*, 80 Va. 666; *McCarty* v. *Hamaker*, 5 S. E. Rep. 538; *McIntosh* v. *Braden*, 80 Va. 217. The matter in controversy is that which is the essence and substance of the judgment, and by which the party may discharge himself. The matter in controversy is that for which the suit s brought, or for which judgment is rendered, and not that

which may or may not come in question. The matter for which the appellant may discharge himself is the amount decreed against him, which is $297.96. Beyond this there is no claim against him in this suit. This is less than the jurisdictional sum of $500, and this court is without jurisdiction to determine the matters arising on the appeal, which must therefore be dismissed; and no other question will be considered here.

APPEAL DISMISSED.