85    413
f98    32

## Staunton.

HARTSOOK'S ADM'R AND AL. V. CRAWFORD'S ADM'R.

September 20th, 1888.

1. APPEAL—*Jurisdiction—Criterion.*—Jurisdiction of this court is limited to not less than $500. Amount actually in dispute is the criterion of jurisdiction. Plaintiff's claim determines jurisdiction on his part. Amount adjudged to be paid by defendant determines it on his. In calculating amount involved in decree appealed from, all costs are excluded, and interest is not estimated beyond date of decree. Matter in controversy must not only be of the value of $500, but the controversy, in relation to matter of that value, must be continued by the appeal. *Duffy* v. *Figgat,* 80 Va. 664.

2. IDEM—*Case at bar.*—Where, in original suit against decedent's estate, creditor's claim exceeded $500, but when amount in administrator's hands was ascertained, creditor's share thereof fell below that sum, administrator defaulted and creditor filed an amended bill against administrator's sureties, seeking to recover of them his said share. Upon plea of statute of limitations, the amended bill was dismissed;

HELD:
    No appeal to this court lies to the said decree.

3. IDEM—*Joinder of claims.*—Where several creditors have distinct and independent claims, these cannot be united in order to give this court jurisdiction. *Thompson* v. *Adams,* 82 Va. 672.

Appeal from decree of circuit court of Nelson county, entered October 2d, 1886, in an amended bill filed by B. C. Hartsook, administrator of D. J. Hartsook, deceased, and C. T. Smith as sheriff-administrator of William C. Roberts, deceased, in the chancery cause of Farrow against Crawford and others. A plea of the statute of limitations, filed by the defendants to the amended bill, being sustained and the bill dismissed, the plaintiffs therein appealed. Opinion states the case.

*Camm Patteson, J. L. S. Kirby,* and *W. E. Craig,* for the appellants.

*Caskie & Coleman,* for the appellees.

LACY, J., delivered the opinion of the court.

The case is as follows: In the month of April, 1853, a bill was filed in the circuit court of Nelson county by Thomas M. Farrow and James Durrett against M. I. Crawford and others, seeking to have an account of the debts and liabilities of the late George H. Crawford, which were binding upon the land purchased by the said Farrow from the said George H. Crawford, and to have an administrator of the estate of the said George H. Crawford appointed, etc. And in June following, D. J. Hartsook filed a bill in the same court, seeking an account of the debts and demands due by the estate of the said Crawford, to subject his land to the payment thereof. Other suits and claims were pressed against the estate of the said Crawford, when his debts being, as is alleged, large and numerous, in September following the court made an order enjoining all proceedings outside of these suits to collect any debts by the creditors, either by *fieri facias,* by deeds of trust, or otherwise. These suits proceeding in 1869, the judge of the court indorsed an order on a rough draft of an unsigned decree as follows: "This cause is to be continued until the case of *Woods* v. *Farrow,* and others, removed from Buckingham, is tried." Signed, "L. P. T.,"—the initials of the presiding judge, the late Judge Lucas P. Thompson. In March, 1885, the amount in the hands of Crawford's administrator was ascertained to be, principal and interest, $1,889.39. This sum was apportioned among the various creditors of Crawford, and a decree rendered for its payment. Under this decree the administrator of Crawford defaulted, and the decree proved unavailing. Whereupon, Hartsook's administrator filed an amended bill against the sureties

of the said administrator of Crawford, seeking to enforce against them the amounts claimed against Shelton.   Upon the plea of the statute of limitations the amended bill was dismissed, by decree rendered in October, 1885.   From this decree two of the creditors of Crawford appealed.   These are Hartsook's administrator and Roberts' administrator, and they assign as error the action of the circuit court in sustaining the plea of the statute of limitations under the circumstances of this case, they having been enjoined from proceeding except in this suit to collect their debts, and, when the decree was asked for them, the court having continued the case to await the results of a suit over which they had no control.   But the appellees move to dismiss the appeal upon the ground that the amount of the debt claimed by each appellant against them is less than $500, the jurisdictional amount necessary to give this court jurisdiction of the appeal.   The appellants show that their claim against Crawford's estate, as to each of them, principal and interest, is largely in excess of $500.   But the appellees insist that this is not a suit to collect these; they have been settled, and the whole estate of Crawford settled up, and brought into court, and their proportion of this decreed to them, to which they make no exception, as none can be made, as the measure of the administrator's liability is not ascertained by the amount of a decedent's debts, but the properly ascertained value of the estate in his hands.   The suit which was dismissed by the circuit court of Nelson was a bill to charge the sureties of the administrator with *these* amounts.   The appellants have no pretense of any other claim against them, nor against the administrator himself.   Their claims against the estate of Crawford were ascertained, and not controverted, and there is no dispute concerning them.   While it appears from the record that Hartsook's claim, for which the bill is brought, is $97.06, principal and interest ; and Roberts' claim is, principal and interest, at the date of the decree, $221.65.   As has been often said in this court, "the jurisdiction of this court is limited to an amount not less than

$500. The amount actually in dispute is the criterion of juris-diction—the plaintiff's claim determines the jurisdiction on his side; and the amount adjudged or decreed to be paid by the defendant ascertains it on his. In calculating the amount involved in the decree appealed from, all costs are excluded, and interest is not estimated beyond the date of the decree. The matter in controversy must not only be of the value of $500, but the controversy in relation to matter of that value must be continued by the appeal; and where the action is for more than the requisite amount, but the verdict is for less than such juris-dictional amount, this court will not take jurisdiction upon the appeal of the defendant." See the case of *Duffy* v. *Figgat*, 80 Va. 666. In that case, when it was heard as above, the suit was upon a commissioner's bond amounting to $4,000 ; but the defalcation was for $248.28 and $87, and for this the decree was rendered from which the defendant appealed. See, also, *Lewis* v. *Long*, 3 Munf. 136 ; *Gage* v. *Crockett*, 27 Gratt. 735 ; *Harman* v. *City of Lynchburg*, 33 Id. 37 ; Bart. Ch. Pr. II, 1110 ; *Batch-elder & Collins* v. *Richardson*, 75 Va. 835 ; *Campbell* v. *Smith*, 32 Gratt. 288 ; *Umbarger* v. *Watts*, 33 Id. 167 ; *Gibson* v. *Shu-feldt*, 122 U. S. Rep. 27 ; *Seaver* v. *Bigelows*, 5 Wall. 208 ; *Fink* v. *Denny*, 75 Va. 666 ; *Cox* v. *Carr*, 79 Va. 35 ; *McCrowell* v. *Burson*, Id. 294.

The matter in controversy is that which is the essence and substance of the judgment, and by which the party may dis-charge himself. By what sums, then, might the defendants below—the appellees here—discharge themselves, and be ac-quitted of all claim against them by the appellants? We have seen that it is respectively $221.65 and $97.06. It is clear that the matter in controversy is that for which the suit is brought, and not that which may or may not come in question. The suit here by the appellants, respectively, is for their ascer-tained claim against the administrator, for which he defaulted, and for which they now seek to hold the sureties of the admin-istrator responsible. If these sureties paid this, they would

have no other or further cause of action against them; this is all they claim to hold them liable for, and by the payment of this the defendants might discharge themselves obviously. So far as these appellees are concerned, the amount of the debts due by Crawford's estate is not material beyond the amount of estate for which his administrator is properly chargeable. These claims are obviously each below the jurisdictional amount, and it is well settled that, when appellants stand on distinct and unconnected grounds, their claims cannot be united to make up the necessary amount. *Umbarger* v. *Watts,* and *Fink* v. *Denny, supra.* The appeal must therefore be dismissed for want of jurisdiction.

APPEAL DISMISSED.