# Richmond.

CALLAN v. BRANSFORD, TREASURER.
McCANNON v. SAME.
MARTIN v. SAME.
SMITH v. SAME.
CARTER v. SAME.
GILLS v. SAME.
FRALEY v. SAME.
LUDDEN v. SAME.
MORRISON v. SAME.
HENLEY v. SAME.
ROBINSON, TATE & CO. v. SAME.
O'BRIEN v. SAME.
MANNING v. SAME.
BREATHED v. SAME.
JONES v. SAME.
GREGORY v. SAME.
BUTLER v. SAME.
SMITH v. SAME.
KEGNEY v. SAME.
TANNER v. SAME.
LANGLEY v. SAME.
SNEADS & SONS v. SAME.
CAUTIERI & CO. v. SAME.
CAUTIERI v. SAME.
DILLON v. SAME.
ROBERTS & BRO. v. SAME.
McCARRON v. SAME.
NORVELL v. SAME.

JACKSON V. SAME.

PARSONS V. SAME.

JOHNSON V. SAME.

MANNING V. SAME.

REYNOLDS V. SAME.

PERRIN & CO. V. SAME.

MELLAN & BRO. V. SAME.

MELLAN V. SAME.

CHEATHAM V. SAME.

COLLINS V. SAME.

WALL V. SAME.

LAZARUS V. SAME.

TAZZI V. SAME.

BERNE V. SAME.

MAGHI V. SAME.

HELBIG V. SAME.

BAUGHAN & SHEFFEY V. SAME.

DECEMBER 5th, 1889.

APPELLATE JURISDICTION.—A writ of error does not lie to this court to a judgment against plaintiff in an action of *assumpsit*, brought to recover from tax collector a sum less than $500, paid to said collector for taxes due to the commonwealth, as provided by the general assessment and tax laws thereof, as there is involved neither the right to levy a tax nor the constitutionality of any law.

Error to judgment of corporation court of city of Lynchburg, rendered June 4, 1889, in the case of Pat Callan against John W. Bransford, treasurer of said city, and in the 44 other cases, styled as above, against the same defendant. The judgments being respectively against the plaintiffs, they severally obtained thereto writs of error and *supersedeas* from one of the judges of this court. Opinion states the case.

*W. W. Larkin*, for the plaintiffs in error.

*Attorney-General R. A. Ayers,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The action in this, and all the cases submitted with this, is *assumpsit,* for the recovery of $222, which was paid to the defendant in error for taxes due to the state of Virginia, as provided by the general assessment and tax laws of the commonwealth. The plaintiff in error seems to have tendered certain printed or engraved slips, claimed by him to be the obligations of the state. But, however this may be, this suit is an action to recover from the defendant in error money amounting to $222. It is not a suit to compel the receipt, on the part of the state of her obligations, but simply an action to recover the stated sum of money. The judgment of the corporation court was against him, and he applied for a writ of error to this court, which was awarded by one of the judges. Sundry exceptions were taken to the rulings of the corporation court at Lynchburg, which are assigned as errors here. Sec. 2, art. 6, of the Virginia constitution, provides as follows : " Sec. 2. The supreme court of appeals shall consist of five judges, any three of whom may hold a court. It shall have appellate jurisdiction only, except in cases of *habeas corpus, mandamus,* and prohibition. It shall not have jurisdiction in civil cases where the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in controversies concerning the title or boundaries of land, the probate of a will, the appointment or qualification of a personal reprsentative, guardian, committee, or curator, or concerning a mill, road-way, ferry, or landing, or the right of a corporation or of a county to levy tolls or taxes, and except in cases of *habeas corpus, mandamus,* and prohibition, or the constitutionality of a law : provided, that the assent of a majority of the judges elected to the court shall be required in order

to declare any law null and void by reason of its repugnance to the federal constitution or to the constitution of this state."

The amount in controversy here in this suit, and in each of the forty-four others herein submitted with this, is less than the jurisdictional sum of $500, and is entirely pecuniary in character. This case (nor any other of the submitted cases) does not come within any of the above-recited exceptions. The defendant in error could discharge himself from all and every demand set up by the plaintiff in error, whose whole complaint would be satisfied by the payment to him of the sum of $222. That is all he puts in issue by the pleadings, and is all that is involved in this suit. The right to levy a tax is not involved, and the constitutionality of no law is drawn in question. The controversy is purely pecuniary, and, as the sum contended for by the plaintiff in error and involved in the suit is less than the said jurisdictional sum of $500, the judgment of the corporation court of Lynchburg is final in the premises, and cannot be reviewed in this court without a violation of the above-recited provision of the constitution of Virginia, (*McIntosh* v. *Braden*, 80 Va., 217,) and this is true of each of the forty-four cases aforesaid. We are of opinion, therefore, that the writ of error herein, and in each of the forty-four cases aforesaid, was improvidently awarded, and the same must be dismissed in this case, and in each of the forty-four other cases submitted with this case. Writ of error dismissed.

LEWIS, P., dissented.

WRIT OF ERROR DISMISSED.