## �historical𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### LITCHFORD ET ALS. V. DAY.

#### (*And* 49 *other cases.*)

November 13th, 1890.

1. APPELLATE PRACTICE — *Jurisdictional minimum.*—The amount involved being less than $500, and the cases not coming within any of the exceptions provided for in section 2, Article 6, of the Constitution of the State, the appeals must be dismissed.

2. IDEM—*Record—Case at bar.*—There being numerous cases identical, except as to the amounts and litigants' names, the clerk made out a complete record in one case and mentioned only the names of the parties in the other cases without giving the amount involved in each thereof; *held*, this court cannot consider the said cases, and must dismiss the appeals therein.

Appeal from decree of the corporation court of the city of Lynchburg, rendered September 27th, 1889, in the chancery cause of T. V. Strange and L. E. Litchford, partners as Strange & Litchford, complainants, against M. J. Day, sergeant of the city of Lynchburg, in which cause an injunction was awarded in vacation, restraining the sale of the complainants' property under an execution for twenty-six dollars and sixty-three cents, the costs recovered by him against them in this court, and two dollars and ninety-six cents, the costs in the corporation court, in a controversy alleged to arise out of taxes, in payment whereof they had tendered to him over-due coupons cut from the bonds of this Commonwealth. The said decree, being on bill to review and annul a previous decree perpetua-

ting the said injunction, annulled and set aside the decree last aforesaid and dissolved the injunction. There were forty nine cases heard together with the case aforesaid, and disposed of in the same manner by the same decree. From the said decree Strange and Litchford and the forty-nine other complainants obtained appeals and writs of *supersedeas* from one of the judges of this court. Opinion states the case.

*W. W. Larkin,* for the appellants.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the corporation court of the city of Lynchburg, rendered on the 27th day of September, 1889. In making up the record in this case for an appeal, the counsel representing the parties intending to appeal gave notice to the counsel of the opposite party of such intention, as required by section 3457 of the Code of Virginia. The counsel, however, were not able to make up the record by agreeing on the copies as provided for by section 3458, and under section 3459, the question was submitted to the judge. Section 3459 is as follows: "If the appellee or defendant in error or his counsel desire any part of the record to be copied, and the appellant or his counsel object to the same, the question may be referred to the judge of the court in which the case was decided, who shall decide the same, and the clerk in making out the transcript shall conform to his instructions." The judge of the corporation court of Lynchburg, to whom the question was referred under the foregoing section of the Code, directed the clerk as follows: "In respect to copying the records for appeal in the cases mentioned within (*Day, Sergeant,* v. *Litchford,* and fifty-one cases), make one complete record in one case, which record is to serve as the record for all the

cases, which are identical, omitting only what counsel may mutually agree to omit. It is useless to copy a paper in one case, or many cases, when the same or a like paper (with exception of names, dates, and amounts) is already copied in another record, which may be referred to; but each case ought to show the names of parties litigant, amounts, etc., referring for the record in that case to the record in the case which is completely made up." The record in the *Litchford Case* is completely made up, but the others are not copied, their names only being mentioned. There is no evidence in the transcript of the dates nor of the amounts, although the judge of the court authorized by law to do so has directed that enough shall be copied of each case to show "the names of the parties litigant, the amounts and dates." This is not such a record in these cases as will enable this court to consider them. This court cannot reverse or affirm a case on appeal simply upon inspection of its name. And the motion is made here to dismiss them for want of jurisdiction, the amount involved being less in each case than the jurisdictional amount of five hundred dollars.

While we cannot determine this question by an inspection of the several cases which appear here only by their names, we find that in the *Litchford Case*, which is presented to this court as the typical case by the appellants' counsel (the same counsel representing all the cases), and by whose request and insistence the transcript of the record was so made up, that the controversy is over the sum of twenty-six dollars and sixty-three cents, and two dollars and ninety-six cents, an amount so small that its selection as the type of all indicates that all are of the same or a similar amount. The case of *Litchford* v. *Day*, being below the jurisdictional amount of five hundred dollars prescribed for this court by the Constitution of the State, must be dismissed for that cause, and the other appeals must be dismissed as improvidently awarded. If they are like the type, they must be dismissed for the same reason

for which that is, and if unlike, that they are not properly before this court, and must be dismissed. None of them involve a matter in controversy, exclusive of costs, equal in value or amount to five hundred dollars. The constitutionality of no law is involved, and they do not come within any of the exceptions provided for by the second section of Article 6 of the Constitution of the State (*McIntosh* v. *Braden*, 80 Va., 217; *Hawkins* v. *Gresham*, 85 Va., 34), and must be dismissed for the stated reasons.

APPEALS DISMISSED.