## Wytheville.

### KENDRICK v. SPOTTS & GIBSON.

#### JULY 13th, 1893.

APPELLATE COURT—*Jurisdictional Amount.*—Where suit in chancery is brought to enforce upon land a judgment for more than $500, and the defendant pleads setoffs, which being allowed, the decree against the defendant is for less than that sum, this court has not jurisdiction of the defendant's appeal from the decree.

Appeal from decree of circuit court of Washington county, rendered May 23, 1891, in a suit in equity wherein John G. Spotts and George Gibson, merchants and partners, trading under the firm name and style of Spotts & Gibson, were complainants, and H. F. Kendrick and M. E. Kendrick were defendants.   Opinion states the case.

*George W. Ward, Jr.,* for appellant.

*Jones & St. John,* for appellees.

LEWIS, P., delivered the opinion of the court.

On the 15th of April, 1889, the appellees, Spotts & Gibson, recovered a judgment by confession in the clerk's office of the circuit court of Washington county against H. F. Kendrick and M. E. Kendrick for $550, with interest and costs.   M. E. Kendrick was the wife of H. F. Kendrick.   The judgment was confessed by one Cosby, as attorney in fact for the defend-

ants, in pursuance of a certain paper writing, under seal, executed by them, on the 30th of March, 1889, purporting to be a power of attorney authorizing him to do so.

The bill in the present suit was filed to subject certain real estate, the property of Mrs. Kendrick, to the satisfaction of the judgment; and there is exhibited with the bill a copy of the record in the action at law, in which all the proceedings are fully set out.

Mrs. Kendrick demurred to the bill, and also answered. One of the grounds of demurrer was that the judgment is void, because a warrant of attorney by a married woman to confess judgment is a nullity. In the answer she set up, among other defences, sundry counter claims, aggregating something over $250, and prayed that the answer be treated as a cross-bill.

The circuit court overruled the demurrer, and by a subsequent decree allowed the defendants certain credits, and ascertained the balance due by them to the complainants, the appellees, here, to be a little less than $500, including interest.

From this brief statement of the case it is obvious that the appeal must be dismissed for want of jurisdiction. Had the defendants chosen to stand upon their demurrer to the bill, and taken an appeal from the decree overruling the demurrer, which settled the principles of the cause, there could be no doubt of the jurisdiction of this court, for in that case the matter in controversy would have exceeded $500. But they elected to pursue a different course—that is, to go into a litigation of the merits of the case, and the result was a decree against them for less than $500, to pay which the land was ordered to be rented.

When the plaintiff appeals in a case of this sort the test of the jurisdiction is the amount of his demand. But when the defendant is the appellant, "the matter in controversy" is the sum decreed against him, and by the payment of which he may discharge himself; so that the amount of the decree de-

termines the jurisdiction in the present case, and not that sum *plus* the aggregate of the disallowed claims set up in the answer. *Lenis* v. *Long*, 3 Munf., 136; *Umbarger* v. *Watts*, 25 Gratt., 167; *Hawkins* v. *Gresham*, 85 Va., 34; *Hannan* v. *City of Lynchburg*, 33 Gratt., 37.

APPEAL DISMISSED.