# Richmond.

## PITTS v. SPOTTS & GIBSON.

APRIL 25th, 1889.

Absent, Richardson, J.

1. PRACTICE AT LAW—*Partners—Joint action—Confession of judgment by one—Case at bar.*—In joint action against partners, judgment is confessed by one, and later, during the same term, is rendered against the other: *held*, cause of action was not merged by the confession, and the judgment rendered is valid, though the rule is, that a judgment against one of a firm on a joint liability, merges the original cause of action, and bars another suit against the remaining partners.
2. PARTNERSHIP—*Separate assets—Priority.*—Judgment of firm creditor against each partner is paramount as to their individual assets to any unsecured claim against either of them.
3. IDEM—*Marshaling assets.*—Such firm creditor must exhaust the partnership assets before resorting to the individual assets.
4. APPELLATE COURT—*Jurisdiction—Case at bar.*—It is the amount of the judgment sought to be satisfied out of the real estate, and not the value of the latter, which gives this court jurisdiction. Here the former exceeds the *minimum* jurisdictional limit.

Appeal from decree of circuit court of King and Queen, rendered June 1, 1887, in the chancery causes of *Spotts & Gibson* v. *Gayle's Adm'r*, and *Parrish* v. *Bowden et als.*, heard together. The decree being adverse to John W. Pitts, a partnership creditor of the late firm of Bowden & Gayle, he obtained an appeal. Opinion states the case.

*H. R. Pollard*, for the appellant.

*T. P. Bagby* and *R. L. Henley*, for the appellees.

LEWIS, P., delivered the opinion of the court.

The principle question in this case is, whether the judgment of the appellant against Bowden & Gayle, late merchants and partners, on a partnership contract, is entitled to priority in the administration of the separate assets of Gayle's estate over the unsecured claim of the appellees, Spotts & Gibson, who are separate creditors of the said Gayle. The commissioner, to whom the cause was referred, reported the judgment as the first lien on the real estate, but an exception to the report taken by the appellees was sustained by the decree complained of.

We think the decree is, in this particular, erroneous. The appellant having obtained *a lien* by his judgment, and the appellees being only open account creditors, he is entitled to the benefit of that lien, and ought not to be deprived of it. The case of *Strause* v. *Kernwood,* 21 Gratt., 584, is, upon this point, a decisive authority.

It appears that the judgment was recovered in October, 1883, in a joint action against the partners, in which judgment was confessed by Bowden, and afterwards, during the same term, judgment was rendered against Gayle. And in the argument here it was contended by counsel for appellees that by the confession of judgment by Bowden the cause of action was merged, and therefore that the judgment subsequently rendered against Gayle is of no binding effect.

This argument proceeds from a misapprehension of the rule relied on. That rule is that a judgment against one of several partners, where there is a joint liability, merges the original cause of action, and is a bar to another suit against the remaining parties. *Mason* v. *Eldred,* 6 Wall., 231. But such is not this case. Here the action was against the partners jointly, and the fact that judgment in the action was confessed by one of the defendants, does not affect the validity of the judgment subsequently rendered against the other.

There appear to be no social assets to be administered, but it

is inferable from the record that the surviving partner, Bowden, is possessed of property out of which the judgment in question can probably be made. ·At all events, enough appears to show that the case is a proper one for the application of the doctrine of marshaling assets, and, therefore, although the appellant's judgment is a valid lien on the separate estate of Gayle, now deceased, which consists of a small tract of land, the value of which is not sufficient to pay the judgment and the claim of Spotts & Gibson also, yet the appellant ought to be compelled to resort to the estate of Bowden for the satisfaction of at least one-half of his judgment in the first instance, as that course is necessary for the satisfaction of the claims asserted in this suit. Such a course cannot operate to the prejudice of the appellant, since a suit is now pending in the court below to subject the real estate of the said Bowden to the satisfaction of the liens thereon, in which the judgment in question has been reported, and which suit was heard with this.

In *Shultz* v. *Hansbrough*, 33 Gratt., 567, Judge Burks, speaking for the court, said: "It is a rule in equity, said to be well established in this country, that where one has a lien upon two funds, and another a posterior lien upon only one of them, the former will be compelled first to exhaust the subject of his exclusive lien, and will be permitted to resort to the other only for the deficiency"; though the rule, he added, is generally applied only in cases where to compel a resort to the singly charged fund would not be productive of additional risk or injury to the double creditor.

The objection to the jurisdiction of this court, which was made in the argument, by the appellees, cannot be sustained. The judgment of the appellant is, and was when recovered, for more than $500, and that is "the matter in controversy"—the essence and substance of the decree, by the payment of which the estate of Gayle may be discharged—and hence *that* is the test of our jurisdiction, although the value of the land sought to be subjected is of less value than $500. The suit was not

brought to recover the land, nor are "the title or boundaries" of land involved in the controversy. The pecuniary demand asserted is the matter for which the suit was brought, and, as was said by the court in *Fink, Brother & Co.* v. *Denny*, 75 Va., 663, the general rule is that the amount claimed by the plaintiff in the lower court determines the jurisdiction here, when he is the appellant. And this is emphatically so in the present case, since, as we have seen, the very existence of the judgment, so far as the estate of Gayle is concerned, is controverted by the appellees. ·The amount of the judgment, then, determines the jurisdiction, and not the value of the land sought to be subjected, nor the difference between the judgment and the claim of the appellees, Spotts & Gibson, which is less than $500. *Umbarger* v. *Watts*, 25 Gratt., 167; *Hawkins* v. *Gresham*, 85 Va., 34, and cases cited.

The decree will, therefore, be reversed in the particular mentioned, and an order entered in conformity with this opinion.

DECREE REVERSED.