# Richmond.

## ATLANTIC & DANVILLE R. R. CO. V. REID.

### SAME V. TRUITT.

November 20th, 1890.

| 87 | 119 |
| 87 | 123 |
| 87 | 119 |
| 88 | 751 |
| 87 | 119 |
| 99 | 593 |

1. APPELLATE JURISDICTION—*Minimum—Criterion.*—When the sum required to discharge the judgment is less than $500, and the case comes not within any of the exceptions, this court has no jurisdiction to review the judgment complained of.

2. IDEM—*Railroad damages.*—This court has no jurisdiction of a writ of error by a railroad company in condemnation proceedings from the award of the second set of commissioners, where the difference between said award and that of the first set, to which the company did not object, and which was set aside on the land owner's motion, is less than the jurisdictional minimum.

Two separate writs of error to two separate judgments of the circuit court of Nansemond county, rendered February 15th, 1889, affirming the judgments of the county court of said county in the proceedings of the Atlantic & Danville Railroad Company to condemn so much of the land of Esther Reid and of G. W. and I. Truitt, respectively, as it proposed to take for its purposes. Opinion states the case.

*C. H. Causey*, for the plaintiff in error.

*Lee Britt*, for the defendant in error, Reid.

*R. R. Prentiss*, for the defendant in error, Truitt.

RICHARDSON, J., delivered the opinion of the court.

The facts are these: The Atlantic & Danville Railroad Company, desiring to have condemned, for its right of way through Nansemond county, so much land as was necessary for that purpose, after having posted and published notice as required by law, proceeded under § 1085, Code 1887, and procured from the county court of Nansemond county the appointment of a board of commissioners to ascertain a just compensation to the owners of the lands which the company proposed to take, said § 1085 authorizing the commissioners appointed thereunder to ascertain the compensation to be paid to all the owners of land to be taken along the line of the road in the county. This board of commissioners was appointed on the 13th day of September, 1887, and by their report, which was returned to court at the succeeding October term, they ascertained that Esther Reid, the defendant in the first of these causes, was entitled, as a just compensation for the land of which the said Esther is tenant of the freehold, and which is wanted by said company, to be the sum of one hundred dollars. On consideration of which report the said county court ordered the same to be filed and the consideration thereof continued, and that the clerk of said court to deposit the said sum of one hundred dollars, which had been paid into court by said company as provided by § 1083, Code 1887, in the Farmers Bank of Nansemond, subject to the further order of said court.

At the December term, 1887, of said county court, the defendants, by their attorneys, moved the court to quash the reports theretofore filed, because of informalities and irregularities appearing on the face thereof; which motion the court sustained and the report was quashed. And thereupon, on the motion of the defendants, the powers of the board of commissioners appointed on the 13th of September, 1887, were

revoked and they were removed from office, and a new board
of commissioners was appointed by said county court in the
room and stead of the board first appointed, and the new
board so appointed was vested with all the rights, powers, and
duties imposed by law upon the board of commissioners re-
moved as aforesaid.

At the January term, 1888, of said county court, to-wit: on
the 10th day of January, 1888, the first board of commis-
sioners, appointed on said 13th day of September, 1887, made
a second or supplemental report, including the subject-matter
and compensation of their first report, to which second report
the defendants at once excepted, which exceptions the court
sustained and quashed the said report of the said first board
of commissioners, and again entered an order by which it
revoked the powers of said first board of commissioners and
removed them from office, for satisfactory reasons appearing
to the court, and by virtue of the authority conferred by sec-
tions 1080 and 1085, Code 1887. Thereupon, the plaintiff
company, being present by counsel during the whole proceed-
ing, the court, under the authority conferred as aforesaid,
appointed again the said second board of commissioners, who
were vested with like powers and duties of the board first
appointed. To this action of the court the plaintiff company
took no exception.

The commissioners constituting the new board severally
took and subscribed the oath in manner and form prescribed
by § 1086, Code 1887, which oaths were certified by a notary,
and with his certificate, filed in the clerk's office of said county.
Said new board of commissioners, after being duly sworn, met
together on the land whereof Esther Reid was tenant of the
freehold, and which the said company proposed to take on
the 17th day of February, 1888, and ascertained the com-
pensation of the land of Esther Reid taken at the sum of
$112.50, and for the damage to the residue of the tract the
sum of $150, making in all $262.50. And the said board

made report to said county court in the form prescribed by the statute then in force. "Acts 1883–1884, p. 60.)"

To this report of the new board of commissioners the plaintiff company afterwards filed exceptions, and on the 24th day of April, 1888, the parties appearing in court by counsel, and the plaintiff company failing to introduce any evidence except what appeared upon the face of the proceedings, and no good cause being shown against the said report of the second board of commissioners, the court confirmed the same, ordered it to be recorded, and entered up judgment against said plaintiff company in favor of Esther Reid for $112.50, the excess over the amount assessed by the first board of commissioners, as authorized by § 1082, Code 1887, with interests and costs against said company. To this judgment of the court the plaintiff company tendered two bills of exception, which were signed, sealed, and made a part of the record. And on the application of said railroad company, a writ of error to said judgment of the county court was allowed by the judge of the circuit court of said county.

On the 15th of February, 1889, this cause came on for trial in the circuit court, when the said judgment of the county court was affirmed, and judgment was rendered against the said plaintiff company for said sum of $112.50, with interest from the 24th day of April, 1888, until paid, and costs. To this judgment of the circuit court a writ of error was allowed by one of the judges of this court.

The questions upon which the judgment of this court is invoked are set forth in the plaintiff's two bills of exception to rulings of the county court; but these questions cannot be considered by this court, as the case must go off upon a purely jurisdictional question.

The judgment of the circuit court, which is complained of by him, is only for the sum of $112.50, a sum manifestly less at the date of the judgment complained of than $500, the minimum jurisdictional amount of this court

The language, " matter in controversy," as used in reference to the jurisdiction of this court in § 2, Article 6, of the constitution of this State, means the " subject of litigation, the matter for which suit is brought, and upon which issue is joined." *Harman* v. *Lynchburg*, 33 Gratt., 37. Undoubtedly, the matter in controversy in the present case is " a matter pecuniary merely." The right of the railroad company to take the land of the owner for its purposes is not contested; nor is the title of the defendant to said land in any way brought in question. The only matter in dispute is the amount of damages which the railroad company must pay the owner for the land taken from her by the company for its purposes. The essence and substance of the judgment complained of, is the payment of the sum whereby the railroad company may discharge itself, *Umbarger* v. *Watts*, 25 Gratt., 167; *Smith* v. *Rosenheim*, 79 Va., 540. Clearly this court is without jurisdiction, and the writ of error must be dismissed as having been improvidently allowed.

## ATLANTIC & DANVILLE R. R. Co. v. SMITH.

The principles which underlie this case are precisely the same as those applied in the preceding case of *Atlantic and Danville Railroad Company* v. *Reid*, and the result must be the same. The same two boards of commissioners acted in each case. In the present case, the first board of commissioners, appointed on the 13th day of September, 1887, returned their report to the county court at the October term, 1887, in which the damages to the land of the defendants, George W. and Irving Smith, were assessed at $400. The new board of commissioners ascertained, as a just compensation for the land taken, the sum of $325, and for the damages to the residue of the tract the sum of $500—a total of $825. To this report the plaintiff company excepted. The case came on for trial in the county court on the 24th day of

April, 1888, when said court confirmed the said report of the second or new board of commissioners and entered judgment in favor of the defendants against the plaintiff company for $425, the excess of the amount ascertained over the amount ascertained by the first board of commissioners. To this judgment the plaintiff company tendered two bills of exceptions, which were signed and sealed by the court, and made part of the record. The plaintiff company then applied to and obtained from the judge of the circuit court a writ of error to said judgment of the county court. The case came on and was heard, in the circuit court, on the 15th day of February, 1889, when the circuit court affirmed the judgment of the county court, and gave judgment in favor of the defendants against the plaintiff company for said sum of $425. And to this judgment of the circuit court a writ of error was allowed by one of the judges of this court. The judgment complained of is for a sum less than that necessary to confer jurisdiction upon this court. Therefore, and for the reasons given in the preceding case of *Atlantic and Danville Railroad Company* v. *Reid*, the writ of error in this case must also be dismissed as having been improvidently allowed.

WRIT OF ERROR DISMISSED IN BOTH CASES.