# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## PÁTTESON & ALS. v. MCKINNEY.

### February 4th, 1892.

JURISDICTIONAL MINIMUM—*Appeal—Case at bar.*—The matter in controversy in this case, is the judgment of less than $500 in amount, the lien whereof on land is sought to be enforced, and not the title or boundaries nor the rents and profits of land; ·

HELD:

The appeal was improvidently awarded, and must be dismissed.

Appeal from decree of circuit court of Appomattox county, rendered December 15th, 1890, in a cause wherein Samuel H. McKinney was complainant, and the appellants, William E. Patteson and others, were defendants. Opinion states the case.

*H. D. Flood,* for appellants.

*C. H. Sacket,* for appellee.

LEWIS, P., delivered the opinion of the court.

The appellee filed his bill in the court below at the August rules, 1882, to enforce a judgment for $132.02. The judgment was recovered in the same court, at the September term, 1867, and was duly docketed on the 1st day of October following. The bill states that when the judgment was obtained, the judgment debtor, William E. Patteson, was the owner in fee of a tract of land in Appomattox county, containing 472 acres,

upon which the judgment became a lien; that more than twelve months thereafter, to-wit: on the 28th of December, 1868, Patteson conveyed the land to a trustee for his wife; that the latter has since died, and that the land has descended to her heirs-at-law, who, together with the judgment debtor, are made defendants to the suit. And the prayer of the bill is that all proper accounts be taken, and that the land be sold to satisfy the judgment.

It appears that some time before the recovery of the judgment Patteson was indebted, as a special commissioner of the circuit court of Appomattox county, for the proceeds of certain land previously sold by him under a decree of that court, which belonged to his wife as a devisee of her deceased father. The decree of sale was made in a suit styled *Webb's Er'or* v. *Baker et als.*, and, by a subsequent decree in that cause, Patteson was ordered to pay the sum ascertained to be due by him as such commissioner to one L. D. Isbell, who was appointed a commissioner to receive it. The sum, so ascertained to be due, was $810, with interest thereon from the 21st of September, 1863; and, in conformity with an order of the court, the decree ordering the money to be paid was regularly docketed on the judgment-lien docket on the 3d of May, 1867.

At the April term, 1868, the court, on the petition of Mrs. Patteson, entered an order requiring Patteson (the debtor) to convey to a trustee the land mentioned in the bill in the present suit, which was done accordingly, on the 28th of December, 1868, as already stated, the conveyance being intended as a satisfaction of the decree for $810 above-mentioned.

The heirs-at-law (the children) of Mrs. Patteson answered the bill, setting up the following defences, viz: (1) *Laches* in the assertion of the claim; (2) that after the recovery of the judgment sought to be enforced, the complainant was on his own petition duly adjudged a bankrupt, and cannot, therefore, now, so far as appears, have any interest in the judgment; (3) that the respondents, in any event, are entitled to be substi-

tuted to the rights of their deceased mother in the lien created in her favor by the decree which was docketed on the 3d of May, 1867, above-mentioned; and (4) that after the recovery of the complainant's judgment, Patteson, the judgment debtor, was adjudged a bankrupt; and that the land in respondents' hands cannot be charged with the judgment.

The circuit court overruled these defences, and decided that the arrangement by which the land was conveyed for the benefit of Mrs. Patteson, in the suit of *Webb's Ex'or* v. *Baker*, was invalid as against the complainant, who was not a party to that suit. It was, however, further decreed that the representatives of Mrs. Patteson "have a prior lien to the extent of the decree in her favor, which constituted the consideration for the arrangement, after crediting thereon the net rents and profits of the land, less the value of all permanent improvements and taxes paid." Subsequently, the land was decreed to be sold, after which the case by appeal was brought to this court.

The proceedings appear to have been quite irregular, and in several particulars erroneous. Thus, it was error to hold the defendants accountable for rents and profits which accrued before the filing of the bill. So, also, the "prior lien" in favor of Mrs. Patteson ought to have been held to have been extinguished by the conveyance of the land in satisfaction of it. Nor ought that conveyance to have been set aside, if such was the effect of the decree.

But however palpable these or any other errors in the case may be, we have no jurisdiction to review them, because the matter in controversy is merely pecuniary, and is less in amount than $500. The object of the suit is simply to enforce a judgment for $132.02, with interest and costs, and, as respects the jurisdiction, the judgment is the matter in controversy. Any other matter is merely incidental or collateral.

In contemplation of the statute regulating the appellate jurisdiction of this court (Code, § 3455), the controversy in no

way concerns the title to land. The bill simply sets forth the recovery of the judgment; alleges that it became a lien on the land before its conveyance to the trustee, and that the same is a subsisting lien thereon, notwithstanding that conveyance, because the judgment was docketed before the conveyance was made. The validity of the conveyance is not questioned in the bill, nor is the title of the defendants. The case made by the bill is, that the judgment lien became fastened on the land in the hands of the debtor, and that no subsequent conveyance by him, without the complainant's consent, could divest or affect it. The bill, indeed, admits that the title is in the heirs-at-law of the deceased wife, and does not ask that the deed be set aside; all that is asked is that the lien be enforced. Hence, the judgment is the matter in controversy, since by payment of that the appellants could at any time have discharged themselves, and ended the suit. This is the established test of the appellate jurisdiction in such cases. *Lewis* v. *Long*, 3 Munf. 136; *Umbarger* v. *Watts*, 25 Gratt. 167; *Fink* v. *Denny*, 75 Va. 663; *Pitts* v. *Spotts*, 86 *Id.* 71; *A. & D. R. R. Co.* v. *Reid*, 87 *Id.* 119.

In *Smith* v. *Rosenheim*, 79 Va. 540, because the claim was less than $500, the appeal was dismissed, as having been improvidently allowed, notwithstanding in the progress of the cause the defendant set up a claim of homestead in the land sought to be subjected.

So in *Thompson* v. *Adams*, 82 Va. 672, it was held, for the same reason, that this court had no jurisdiction, although the bill sought to set aside, on the ground of fraud, a certain deed made by the debtor before the rendition of the complainants' judgments, and to subject the land thereby conveyed to the satisfaction of the judgments. The real object of the suit—" the matter in controversy— " was held to be the collection of the judgments, neither of which amounted to $500.

" The alleged fraudulent conveyance in this case," said Judge Richardson, " is but a not uncommon incident to suits

for the enforcement of judgment liens, and occurs whenever there is by the debtor a conveyance which is, or is supposed to be, in fraud of the rights of creditors; and whenever such obstruction stands in the path of the real object of the suit— the collection of the plaintiff's debt—he, in his bill," may ask the chancellor to remove it.

To the same effect is *Hawkins* v. *Gresham*, 85 Va. 34, where it was held that in a suit to set aside a fraudulent deed and subject the property conveyed to satisfy a debt, it is the amount of the debt, and not the value or nature of the property, which determines the appellate jurisdiction.

Many other decisions enforce the same principle. Indeed, nothing is better settled in this court. It is clear, therefore, that the matter in controversy in the present case is the judgment sought to be enforced, and not the title or boundaries of land, nor the rents and profits of land; and as the judgment is less in amount than $500, it follows that the appeal must be dismissed as having been improvidently allowed.

APPEAL DISMISSED.