**Richmond.**

WILLIAMS'S ADM'R. & OTHERS v. CLARK'S REPRESENTATIVES
& OTHERS.

NOVEMBER 19, 1896.

1. APPELLATE COURT—*Amount in Controversy—Appeal by Debtor—Several Debts Less than $500.*—In a suit to settle the estate of a decedent the aggregate amount of the debts decreed against his representative is the amount which the representative has in controversy, and he has the right of appeal as to all the creditors, although the claims of some of them are less than $500.

2. COMMISSIONER'S REPORT—*Returning the Evidence—When to be Returned—Recommitting Report for Evidence.*—A commissioner in chancery, when required by the decree of reference or requested by any party in interest, should return with his report the evidence on which it is based. This request should be made before the report is returned, if the party knows when it is to be returned; if not, the evidence may be returned at any time before the case is actually heard, and, if the request is not unreasonably delayed, the court, if necessary, should require the commissioner to return so much of the evidence as will enable it to pass intelligently on the exceptions filed. If part only of the evidence is returned, and there is danger of injustice being done any of the parties, the report should be recommitted as to the matters affected by the missing evidence, with directions to the commissioner to consider the evidence then in the cause, that which has been lost so far as it may be found or set up, and any additional evidence which the parties may adduce as to the items in controversy, and make report without delay, returning therewith the evidence on which he bases his report.

Argued at Staunton. Decided at Richmond.

Appeal from decrees of the Circuit Court of Frederick county, pronounced in the chancery causes of *Barton's Ex'ors. v. Barton's Heirs* and *Williams's Admr. v. Barton's Ex'ors.*

heard together, in which the claims of the appellees were proved.

*Reversed.*

The opinion states the case.

*Marshall McCormick* and *A. Moore, Jr.,* for the appellants.

*C. W. S. Barnes* and *R. E. Byrd,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The first question to be disposed of upon this appeal is whether this court has jurisdiction to review the decrees complained of as to the appellees whose debts are each less than $500. A large number of debts were reported against the estates of D. W. Barton and of Phillip Williams, of which the appellants are respectively the personal representatives. Many of them were excepted to by the appellants. Of those decreed to be paid, some were over and others under $500. The appellees whose debts are each less than $500, insist that as to them the appeal should be dismissed by this court, because the amount involved is less than $500. If this was a question of first impression in this court we would strongly incline to the opinion that their motion to dismiss should be sustained. In an ordinary creditors' suit where the claims of the creditors are several and distinct, founded upon different contracts, it is clear that no creditor has the right of appeal unless his claim amounts to $500. If the matter in dispute as to the creditor be separate and distinct, it would seem to be separate and distinct also as to his adversary, the debtor, and there does not seem to be any good reason why he should be allowed to appeal as to that creditor, unless the amount in controversy between them amounted to $500. *Schwed* v. *Smith,* 106 U. S. 188. But this question arose and was decided in the case of the *Winchester & Strasburg R. R.*

*Co.* v. *Colfelt, &c.*, reported in 27th Gratt. 777, and the court held that the aggregate amount of the debts decreed against the debtor was the amount which he had in controversy, and that he had the right of appeal as to all the creditors, although the claims of some of them were less than $500. 4 Minor's Insts., 1062 (3rd Ed.) See *Craig* v. *Williams*, 90 Va. at page 562. The motion to dismiss must be overruled.

The commissioner who took the accounts in the case did not, when he returned his report, file with it the evidence upon which it was based. This was not required by the decree directing him to take the accounts, nor was he requested by any party to return the evidence until after his report was made and filed. In response to a call made upon him by the appellants after his report had been filed, he brought into court, on the day the case was heard, a basket full of loose papers which he stated in an affidavit was in part the evidence on which he founded his report. The lower court was of opinion that there was no authority for a commissioner, after his report had been completed and filed, to return the evidence upon which it was based without an order of court directing him to do so. And it was further of opinion that the evidence thus irregularly brought before the court, and which did not appear to be all the evidence upon which the commissioner based his report, ought not, under the circumstances of the case, to be considered by it in passing upon the exceptions filed to the report. This action of the court is assigned as error.

Generally, a party who desires that the evidence, or any part thereof, upon which the commissioner founds his report, should be returned with it, should request him to do so before the report is filed, unless the decree or decrees under which he is acting direct it. But in a case like this, where it does not appear that the commissioner had notified the parties when his report would be filed, we see no objection to his returning the evidence to the court at any time

before the case is heard, when requested by any party to do so;
at least, the parties are entitled to have the evidence returned
so far as it is necessary to enable the court to pass upon ex-
ceptions taken to the report, and the court should direct it to
be done upon the motion of any party interested, unless the
application has been unreasonably delayed.  In this case all
the evidence in the hands of the commissioner had been re-
turned, and no good could have resulted from having an order
made to do what had already been done.

Although the evidence, so far as it was in the possession
of the commissioner, had been returned to the court, the
case was not in a condition for the court to pass upon the
exceptions to the commissioner's report without running the
risk of doing injustice to one or the other of the parties.   If
it disposed of the exceptions without considering the evi-
dence, it must presume that the debts reported were pro-
perly proved, and render a decree against the appellants
therefor, except in so far as the report on its face showed
that they were not valid claims.  On the other hand, if it
considered the evidence returned by the commissioner as all
the evidence that was before him, it might have to reject
claims, the evidence in whole or in part to establish which
had been lost, although they had been fully proved.  Under
these circumstances, the proper course, and the one least
likely to do injustice, would have been to recommit the re-
port as to the items excepted to.

It is true, as stated by the trial court, that the accounts
had been before the commissioner for many years, and the
creditors had been greatly delayed, but for this delay the
creditors were to blame, as well as the appellants.

Under all the circumstances of the case, we are of opinion
that the court erred in passing upon the exceptions to the
commissioner's report in the then condition of the case, and
that the decrees must be reversed so far as appealed from
(except as to the debt of W. P. McGuire, administrator of

A. R. H. Powell, deceased, as to which the decree will be amended and affirmed in accordance with the written agreement of the parties filed in the papers of the cause) and the cause remanded to the Circuit Court with direction to recommit the report as to the claims of the appellees, with instructions to the commissioner, after notice to the parties, to consider the evidence now in the cause, that which has been lost, so far as it may be found or set up, and any additional evidence which the parties may adduce before him as to the items in controversy, and to make report to the court without delay, returning therewith the evidence upon which he bases his report.

As to the other questions made in the petition for appeal we express no opinion, as they are questions which may be affected by the evidence, and cannot be properly considered and decided until after the recommitted report has been returned.

*Reversed.*