## Wytheville.

98   477
f99  593

CASH v. HUMPHREYS, ₀RECEIVER.

JULY 5, 1900.

Absent, Riely, J.*

1. APPEAL AND ERROR—*Judgment Lien—Amount in Controversy—Title or
   Boundary of Land.*—In a suit to subject lands to the payment of the
   lien of a judgment, where the defendant appeals, the jurisdiction
   of this court is regulated by the amount decreed against him, or
   declared to be a lien on the land.  The "title or boundary of land"
   is not involved, although the appeal be taken by one who is not
   the judgment debtor, and the controversy is over the liability of the
   land to the lien of the judgment.

Appeal from a decree of the Circuit Court of Bedford county,
pronounced October 25, 1899, in a suit in chancery, wherein
the appellee was the complainant, and the appellant and others
were the defendants.

*Appeal dismissed.*

This suit was brought to enforce the lien of a judgment
amounting to less than $500.  The judgment was against J. E.
McGrath.  At the date of the judgment he owned no real
estate, but subsequently the legal title to the land in controversy
was conveyed to him, under such circumstances, as claimed by
the appellant, that it vested no beneficial interest or estate in
him.  The appellant claimed that the land was not liable to the
lien of the judgment at all, and that, therefore, the real contro-

---

*Judge Riely was prevented by sickness from attending this term.

Opinion.

versy was over the title to the land sought to be subjected; that is, whether McGrath ever had title to the land, and whether appellant now had such title as exempted the land from the lien of the judgment mentioned in the bill.

*William Eubank* and *G. W. Crumpecker*, for the appellant.

*Caskie & Coleman* and *Campbell & Tucker*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This is a suit by a judgment creditor to subject certain land in the bill and proceedings mentioned to the payment of his judgment, which, with its interest and costs at law, is less than $500.

The decree appealed from held that the land was liable in the hands of the appellant, the present owner of the land, although she is not the judgment debtor.

The appellant's contention is that the matter in controversy is not the amount or validity of the judgment, but the right to subject the land to its payment, and therefore the real controversy is as to the ownership or the title to the property. Whatever may be the merits of this contention as an original proposition, it is unnecessary to consider, as this court has held by repeated decisions that the pecuniary demand asserted is, in such a case, the matter in controversy, and not the "title or boundary of land," and where the defendant is appellant, as in this case, the test of jurisdiction is the sum decree against him, or declared to be a lien upon the land. *Fink* v. *Denny*, 75 Va. 663; *Hawkins* v. *Gresham*, 85 Va. 34; *Cooke* v. *Bondurant*, 85 Va. 47; *Smith and Wife* v. *Rosenheim*, 79 Va. 540; *Patlison* v. *McKinney*, 88 Va. 748.

It follows from what has been said that the appeal must be dismissed as improvidently awarded.

*Appeal dismissed.*