# Wytheville.

COOK v. DAUGHERTY AND OTHERS.

JULY 4, 1901.

1. APPEAL AND ERROR—*Jurisdiction of Court of Appeals—How Conferred.*—The provision of Article VI., section 2, of the Constitution does not *proprio vigore* confer jurisdiction on this court; but the court exercises its jurisdiction within the constitutional limitation, by virtue of statutory enactment made in pursuance of the provisions of that article.

2. APPEAL AND ERROR—*Amount in Controversy—Suit to Enforce Judgment—Homestead.*—In a suit to enforce the lien of a judgment on land, the amount of the judgment, and not the value of the land, is the test of the jurisdiction of this court, and the case is not altered by the fact that a claim of homestead in the land is asserted by the defendant in the trial court. If the judgment be of less value or amount than $500, this court has no jurisdiction to review the decree.

3. APPEAL AND ERROR—*Jurisdiction of Court of Appeals—Franchise—Title or Boundary of Land—Matters not Pecuniary.*—If the jurisdiction of this court is invoked on the ground that the litigation draws in question a freehold or franchise, or the title or bounds of land, or some matter not merely pecuniary, these jurisdictional matters must be directly the subject of controversy, and not merely incidentally and collaterally involved.

Appeal from a decree of the Circuit Court of Smyth county, pronounced March 16, 1901, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Appeal dismissed.*

One of the chief defences set up by the defendants was that the judgment set forth in the bill was against husband and wife, and that they had filed a joint homestead deed, which exempted the property sought to be subjected from liability for the judgment. The real estate sought to be subjected was the property of the wife, and the complainant insisted that a married woman could not claim the homestead during the lifetime of the husband. The Circuit Court held that a married woman could claim the homestead, and dismissed the bill. The complainant appealed, and the appellees moved to dismiss the appeal because the amount in controversy was less than $500. The homestead deed, so far as need be copied, is as follows:

"This deed, made this 19th day of February, 1887, by Robert B. Daugherty and Matilda J. Daugherty, his wife, claiming, designating and setting apart real estate and personal property as and for their homestead for the benefit of themselves and family, under and by virtue of the statute for and in such cases made and provided: Witnesseth, that the said parties, being desirous to secure for the benefit of themselves and family the privilege and benefits of said homestead laws, do hereby designate and set apart, as and for their said homestead, the following real and personal property, to wit: The life interest of the said Matilda J. Daugherty, wife of said Robert B. Daugherty, willed to her by her late husband, Alexander Totten, in his real estate lying and being in the Rich Valley, Smyth county, adjoining the lands of F. J. Whitehead, John M. Gwyn, Legrand Sexton's estate, and others, and on which she now resides, value $1,000."

*James H. Gilmore,* for the appellant.

*H. N. Bell,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This was a suit in equity in the Circuit Court of Smyth county,

brought by the appellant against the appellee to subject real estate to the satisfaction of a judgment for less than $500.

The property was claimed as a homestead exemption, and from a decree denying its liability to plaintiff's judgment and dismissing the bill, an appeal was allowed by one of the judges of this court.

While the jurisdiction of this court is defined by Article VI., section 2, of the Constitution, the provision does not · *proprio vigore*, confer jurisdiction; but the court exercises its jurisdiction, within the constitutional limitation, by virtue of statutory enactment made in pursuance of the provisions of that article.

*Price* v. *Smith*, 93 Va. 14; *Prison Association* v. *Ashby*, Id. 667.

The court is confronted at the threshold of the enquiry by a question of jurisdiction.

Section 3455 of the Code (amended, Acts 1887-'8, p. 17), forbids an appeal in any case in which the controversy is for a matter less in value or amount than $500, exclusive of costs, unless there be drawn in question a freehold or franchise, or the title or bounds of land, or some matter not merely pecuniary. In the case of the *Southern Fertilizer Co.* v. *Nelson*, 6 Va. Law Journal 162, it was held that the court was without jurisdiction, inasmuch as none of the executions sought to be enforced amounted to $500, and that "the property levied on did not constitute the matter in controversy."

The case of *Smith* v. *Rosenheim*, 79 Va. 540, is identical in principle with the case in judgment. It was there decided that "the test of jurisdiction in this court to sustain an appeal from a decree of the court below enforcing on land the lien of a judgment, is the amount or value of the judgment. If such amount or value fall below $500, this court has no jurisdiction to review such decree.

"As respects jurisdiction, the case is not altered by the fact

that in the progress of the cause in the court below a claim of homestead in the land was asserted by the defendant."

And so, in *Thompson* v. *Adams*, 82 Va. 672, where several judgment creditors, with judgments each below $500, united in a suit to subject the lands of their common debtor, it was held that the fact that the bill sought to set aside an alleged fraudulent conveyance of land of greater value than $500, did not give this court jurisdiction; and this principle has been repeatedly enunciated by this court. *Umbarger* v. *Watts*, 25 Gratt. 167; *Fink* v. *Denny*, 75 Va. 663; *Hawkins* v. *Gresham*, 85 Va. 34; *Pitts* v. *Spotts*, 86 Va. 71; *A. & D. R. R. Co.* v. *Reid*, 87 Va. 119; *Patteson* v. *McKinney*, 88 Va. 751; *Showalter* v. *Rupe*, 27 S. E. 840; *Gilman* v. *Ryan*, 95 Va. 494.

If jurisdiction is invoked on the ground that the litigation draws in question a freehold or franchise, or the title or bounds of land or some matter not merely pecuniary, these jurisdictional matters must be *directly the subject of controversy, and not merely incidentally and collaterally involved.*

Thus, in *Florance* v. *Morien*, 98 Va. 26, the court held: "The right to subject land to the lien thereon for taxes is not a controversy concerning the title to the land, and if a decree for such taxes amounts to less than $500, no appeal lies therefrom to this court.

And, in *Cash* v. *Humphreys*, 98 Va. 477, it was said: "In a suit to subject lands to the payment of the lien of a judgment, where the defendant appeals, the jurisdiction of this court is regulated by the amount decreed against him on the land. The 'title or boundary of land' is not involved, although the appeal be taken by one who is not the judgment debtor, and the controversy is over the liability of the land to the lien of the judgment."

As has been well said: "The conclusion of the whole matter is that the true test of jurisdiction is whether the matter in controversy is or is not of less value than $500; and in a suit to

subject property to the payment of a debt the amount of the debt and not the value of the property sought to be subjected determines the question of jurisdiction." 2 Bar. Chy. Pr. (2d ed.), p. 1212.

The matter in controversy here being less in amount than $500, the appeal must be dismissed for want of jurisdiction.

*Dismissed.*